**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X
In Re:

    JAVIER CASTAGNOLA,                                  Chapter 7

                                Debtor.                                 Case No: 8-14-75123-las
------------------------------------------------------------------ X
MICHAELS ELECTRCIAL SUPPLY CORP.,          AMENDED COMPLAINT

                                Plaintiff
v.                                                                 Adversary Proceeding
                                                                 No. 8-15-8163
JAVIER CASTAGNOLA,

                                Defendant.
------------------------------------------------------------------ X

**AMENDED ADVERSARY COMPLAINT BY MICHAELS ELECTRICAL SUPPLY CORP. TO DETERMINE DISCHARGABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4)**
_____

        Plaintiff, MICHAELS ELECTRICAL SUPPLY CORP., by their attorneys, LEFEBVRE LAW, PLLC, petitions the Court, pursuant to 11 U.S.C. § 523(a)(4) for the limited purpose of determining that the debt owed to Plaintiff Michaels Electrical Supply Corp. by defendant/debtor JAVIER CASTAGNOLA is money to be held in trust by the debtor for the benefit of Michaels Electrical Supply Corp. and is a nondischargeable asset as such. In support thereof, Michaels Electrical Supply Corp. submits as follows:

        1.       This adversary proceeding arises out of the Defendant's Chapter 7 Case No. 8-14-75123-las, filed on November 13, 2014.

        2.       This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. This adversary proceeding relating to recovery of trust funds to which the Plaintiff is a beneficiary stems from Michaels Electrical Supply Corp.'s extension of credit for commercial purposes to Defendant/debtor Javier Castagnola's electrical subcontracting business.

4. Michaels Electrical Supply Corp. was and is now a corporation duly organized and existing under the laws of New York, engaged in the business of selling electrical supplies with principal offices at 456 Merrick Road, Lynbrook, New York in Nassau County.

5. Upon information and belief, Defendant/debtor Javier Castagnola was at all times material to this Complaint operating and existing as a business of construction, with principal offices at 221 Cochran Place, Valley Stream, New York in Nassau County.

6. Pursuant to Article 3A of the N.Y. Lien Law § 70, a trust is established by statute when a contractor or subcontractor receives funds in connection with a contract for improvement of real property and any right of action for any such funds due or earned or to become due or earned shall constitute assets of the trust for which the contractor or subcontractor is trustee.

7. Pursuant to Article 3A of the N.Y. Lien Law § 71(2), the trust assets of which a contractor or subcontractor is trustee shall be held and applied to expenditures arising out of the improvement of real property, including payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen.

8. Pursuant to 11 U.S.C. § 523(a)(4), any owner, contractor, or subcontractor who breaches the trust, and therefore their fiduciary duties, by diverting lien law trust funds to a non-trust fund beneficiary "may have the indebtedness resulting from such a diversion determined to be nondischargeable under the Bankruptcy Code in the event of a bankruptcy." See *In re: Valerino Constr., Inc*., 250 B.R. 39, 44 (Bankr. W.D.N.Y. 2000).

9. The Plaintiff's complaint is rooted in the fact that all monies owed to Michaels Electrical Supply Corp. are trust fund assets to which Michaels Electrical Supply Corp. is beneficiary under Article 3A of the N.Y. Lien Law § 70.

10. During the period of December 2007 through April 2008, Defendant/debtor Castagnola obtained materials on credit from Michaels Electrical Supply Corp. for a variety of real property improvement jobs, to be delineated below.

11. Defendant/debtor Castagnola filled out a credit application in order to receive these goods and materials on credit. (Exhibit "A")

12. Michaels Electrical Supply only extends credit to commercial contractors.

13. In the regular course of business, Michaels Electrical Supply Corp. has kept records of the materials sold to Defendant/debtor Castagnola in the form of Purchase Orders and invoices.

14. These Purchase Orders and Invoices are job tracked - meaning that each Purchase Order states for what job the contractor or subcontractor was obtaining the materials.

15. During the period of December 2007 through April 2008, Defendant/debtor Castagnola received materials on credit for jobs known as "Shore Drive," "Bryer," "Atlantic Ave," "Wyckoff," "Arties," "Patterson," "Lyn Drive," "Oceanside," "401 Misseltoe," "Franklin Square," "Claudia," "Great Neck," "Richards," "Cedarhurst," "Far Rockaway," "Margaret Ave," "Lyn Drive," "Dolphin Road," "Tanglewood 400," "1407 Broadway," "Andy Mandel," "Malverne," "Causeway," and "Pet Care." (Exhibit "B" – Accounts Receivable Open Item Inquiry; Exhibit "C" – Invoices;).

16. All materials sold to Defendant/debtor Castagnola on credit by Michaels Electrical Supply Corp. were for the purposes of real property improvement within the meaning of Article 3A of the New York Lien Law § 70.

17. Defendant/debtor Castagnola owes Michaels Electrical Supply a balance of $36,939.83 for goods and materials sold in relation to these various jobs.

18. From time to time, upon information and belief, Javier Castagnola received various payments pursuant to its contracts in connection with the aforementioned projects.

19. Pursuant to Article 3A of the New York Lien Law, the monies so received by Javier Castagnola constitute trust funds, which were required to be held by Javier Castagnola in trust and used only for the purpose of paying for the labor, materials, equipment, and services relating to the improvement of each project, endowing upon Mr. Castagnola a fiduciary duty to the beneficiaries of the trust.

20. Michaels Electrical Supply Corp. is a beneficiary of the trust fund monies received by Javier Castagnola.

21. Upon information and belief, Javier Castagnola intentionally, knowingly, recklessly or with conscious disregard of his fiduciary duties to Michaels Electrical Supply Corp. made unauthorized, illegal, unjustified and improper payments and diversions of the trust funds and applied them for purposes other than paying for labor, materials, equipment, and services furnished in connection with the various aforementioned projects, notwithstanding that sums were due and owing to Michaels Electrical Supply Corp. at the time Javier Castagnola received such trust funds, or at the time such trust funds became available.

22. Upon information and belief, Javier Castagnola received trust funds in violation of Article 3A of the New York Lien Law.

23. Upon information and belief, Javier Castagnola intentionally, knowingly, recklessly or with conscious disregard of his fiduciary duties to Michaels Electrical Supply Corp. consented to and participated in the diversion of trust assets.

24. Upon information and belief, Javier Castagnola's diversion, receipt and/or use of such trust funds was with notice and knowledge of the source and origin thereof, and with notice and knowledge of the claims of materialmen which were entitled, as statutory beneficiaries, to payment out of such trust funds.

25. Upon information and belief, Javier Castagnola did not maintain sufficient and proper accounting records reflecting the establishment of any trust fund for the protection of laborers, suppliers, subcontractors, and materialmen on the various projects, contrary to Lien law § 75.

26. Pursuant to Lien Law § 75, the failure of Javier Castagnola to keep such books and records is presumptive evidence that they have applied or consented to the application of trust funds actually received by them for purposes other than for legitimate trust fund purposes as specified in Section 71 of the Lien Law.

27. Lien Law § 79(a) provides that any trustee of a trust arising under Article 3A of the New York Lien Law, and any officer, director or agent of such trustee, who applies or consents to the application of trust funds in a manner other than as defined in Lien law § 71 is guilty of larceny and punishable as provided in the Penal Law.

28. Accordingly, Javier Castagnola has violated the New York Lien Law and is presumed by law to have committed an act which constitutes larceny under the Lien law of New York.

29.     Since the above facts constitute a public harm in violation of public policy, as well as a violation of the New York Lien Law, the conduct of Javier Castagnola is a public wrong, which has simultaneously injured Michaels Electrical Supply Corp.

30.     As such, the debt owed to Michaels Electrical Supply Corp. is a nondischargeable debt under 11 U.S.C. § 523(a)(4) as a result of Defendant/debtor Javier Castagnola's intentional, willful, knowing, reckless failure and/or conscious disregard of his fiduciary duty as trustee under Article 3A of N.Y. Lien Law §§ 70, 71.

31.     Through the above, Defendant/debtor has engaged in acts amounting to those recognized as nondischargeable under 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff Michaels Electrical Supply Corp. respectfully requests this Court:

1.      Hold the debt nondischargeable under 11 U.S.C. § 523(a)(4); and

2.      Such further and other relief as the Court may deem appropriate in its wisdom.

Dated:  August 19, 2015                           Respectfully submitted,
Valley Stream, New York                           *LeFebvre Lew, PLLC*


                                                  S/TLL_____
                                          By:     Tim LeFebvre, Esq.
                                                  *Attorneys for Plaintiff/Creditor*
                                                  *Michaels Electrical Supply Corp.*
                                                  70 E. Sunrise Hwy, Suite 500
                                                  Valley Stream, NY 11581
                                                  T: 516 543 3277
                                                  F: 516 706 8783
                                                  tim.lefebvre@gmail.com