UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

                    Chapter 7

Javier Castagnola,

                    Case No. 14-75123-las

              Debtor.
---------------------------------------------------------------x
Michaels Electrical Supply Corp.,

              Plaintiff,

    -against-                    Adv. Pro. No. 15-8163-las

Javier Castagnola,

              Defendant.
---------------------------------------------------------------x

## SCHEDULING ORDER

This Scheduling Order[1] is entered by the Court following a pretrial scheduling conference in the above captioned adversary proceeding held on January 7, 2016 in accordance with Rule 16(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Timothy LeFebvre, Esq. appeared on behalf of plaintiff and Lawrence Katz, Esq. appeared on behalf of defendant.

Upon due deliberation, it is hereby ORDERED as follows:

    **1.**     **Discovery Completion Date.** All discovery shall be completed no later than **October 6, 2017**.

    **2.**     **Discovery Pursuant to the Rules.** The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure, the Bankruptcy Rules and

---

[1] This Scheduling Order applies to counsel for all parties and those individuals appearing *pro se* (i.e., unrepresented parties). A party representing himself or herself must comply with the provisions of this Order.

1

the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules").

   **3.**  **Initial Disclosures.** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

   **4.**  **Discovery Dispute.** Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may file on ECF a letter to the Court, no longer than two pages, explaining the nature of the dispute and requesting a discovery conference before the Court. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  The representation shall include the date and approximate length of the meet-and-confer session(s).  If a letter is filed on ECF, a PDF file of that letter must also be e-mailed to [lashearings@nyeb.uscourts.gov](mailto:lashearings@nyeb.uscourts.gov) . If the opposing party wishes to respond, it must call the Courtroom Deputy Clerk, Christine Moffett, at 631-712-6278, within one business day to advise that a responsive letter will be forthcoming.  A responsive letter, not to exceed two pages, must be filed on ECF within two business days of the filing of the original letter. If a responsive letter is filed on ECF, a PDF file of that letter must also be e-mailed to [lashearings@nyeb.uscourts.gov](mailto:lashearings@nyeb.uscourts.gov).  No party shall submit a reply letter. After the letters are submitted, the Court will advise the parties as to how it intends to proceed.

   **5.**  **Amended Pleadings.** Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be made within 35 days from the date of this Order.

   **6.**  **Settlement.** Counsel shall advise the Court promptly if they agree to use any alternative dispute resolution to try to resolve some or all of the claims in the case. The use of any alternative dispute resolution mechanism does not stay or modify any date in

this Order, unless the Court orders otherwise upon the application of any party to the Court. Similarly, ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court. Parties should not assume that they will receive an extension of any existing deadline if settlement negotiations fail.

       **7.**     **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear in person at all conferences with the Court.

       **8.**     **Additional Pretrial Conferences.**   The Court will hold a post-discovery conference on **October 24, 2017 at 10:00 a.m.**  No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the adversary proceeding, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the adversary proceeding. If either party contemplates filing a dispositive motion, the post-discovery conference will function as a pre-motion conference at which the Court will set a briefing and hearing schedule.  If neither party contemplates filing a dispositive motion, the post-discovery conference will function as a pretrial conference at which the Court will set dates for submission of a joint pretrial order, other pretrial submissions, and a final pretrial conference.  Unless the Court orders otherwise, the parties shall be ready for trial 30 days after the final pretrial conference.

       **9.**     **Motions.** (a) All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Bankruptcy Rules and the Local Bankruptcy Rules. Motion papers shall be filed promptly after service. Discovery disputes are not raised by motion unless directed by the Court.  (b) Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 20 pages, and reply memoranda are limited to 10 pages.  All memoranda shall be double-spaced 12-point

font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

    **10.**  **Amendments to this Order.** This Order may not be modified or the dates herein extended except by further order of the Court upon written motion for good cause shown.  Any application to modify or extend the dates herein shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent compelling circumstances, extensions will not be granted after deadlines have already passed.  In addition, a request for an extension of the discovery completion date set forth in paragraph 1 of this Order shall specifically explain (a) what discovery has already been completed, (b) what discovery remains to be done, and (c) why the parties were unable to comply with the preexisting deadline.  The Court will make an independent determination as to all scheduling.  Parties should not expect the Court to automatically accept a stipulated agreement as to timing.

    **11.**  **Service of a Copy of this Order.** Plaintiff shall serve a copy of this Order at once upon all parties to this adversary proceeding and upon any parties subsequently joined, and shall file proof of such service.

12. **Compliance.** Failure to comply with this Order may result in dismissal or other sanctions being imposed, as the circumstances warrant, in accordance with Fed. R. Civ. P. 16, made applicable to this adversary proceeding by Bankruptcy Rule 7016. If delay or other act of omission on the part of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.



**Dated: July 10, 2017**
**Central Islip, New York**

*Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**